UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OLIVIA DENISE HUNTER,**

        **Plaintiff,**

v.                                                        **Case No:   6:15-cv-1493-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Olivia Denise Hunter (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by violating Claimant's constitutional due process rights at the hearing. Doc. No. 14 at 15-17.[1] For the reasons that follow, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.    THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

---

[1] Claimant also argues that the ALJ erred by: lacking substantial evidence to support the ALJ's finding that Claimant does not meet or equal Listing 11.03; and failing to demonstrate good cause for rejecting the opinion of Claimant's treating neurologist and rejecting the numerous lay opinions of record without supporting substantial evidence. Doc. No. 14 at 17-35. For the reasons set forth below, the ALJ's failure to apply the correct legal standards at the hearing is dispositive.

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. <u>STANDARD OF REVIEW</u>.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.  ANALYSIS.

In his decision, the ALJ determined that Claimant retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with additional non-exertional limitations and, at step-five of the sequential evaluation process, based upon testimony of the Vocational Expert ("VE"), that Claimant is not disabled because there is other work which Claimant can perform. R. 25, 29-31. At the center of this dispute is the following statement made by the ALJ at the hearing: "Counsel, the [Social Security Administration] will accept that [Claimant] can only work four hours in eight hours." R. 67. Claimant argues that the above statement constitutes a prejudicial violation of Claimant's due process rights because it strongly indicated that the ALJ had determined Claimant was, in fact, disabled, and wrongly induced Claimant's counsel to stop his cross-examination of the VE. Doc. No. 14 at 15-16. The Commissioner suggests that Claimant's counsel misunderstood the ALJ's statement and argues no due process violation occurred because Claimant suffered no prejudice. Doc. No. 14 at 16-17. For the reasons set forth below, the Commissioner's argument is rejected.

Social Security Ruling 96-8p, provides that a claimant's RFC is based upon the claimant's ability to "do sustained work-related physical and mental activities . . . on a regular and continuing basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (1996).  Thus, the Commissioner's official policy provides that in order to find a claimant not disabled, at step-five, the claimant must have the ability to perform some work for 8 hours a day.  *See Kelley v. Apfel*, 185 F.3d 1211, 1214 (11th Cir. 1990), *Bladow v. Apfel*, 205 F.3d 356, 357-60 (8th Cir. 2000).  Accordingly, the ALJ's statement that the "[Social Security Administration] will accept that [Claimant] can only work four hours in eight hours," if interpreted literally, means that the Commissioner accepts that Claimant is disabled.

The statement at issue arose in the following colloquy between Claimant's counsel and the VE:

> ATTY: And lastly, at 17F, her treating neurologist, Dr. Ungar [sic], said she can stand and walk for less than two hours in an eight-hour day, can sit for only about two hours in an eight-hour day, can lift 10 pounds occasionally, 20 pounds rarely, rarely defined as one to five percent of her day.  Would those obviously preclude full-time work?
>
> ALJ: Counsel, the SSA will accept that she can only work four hours in eight hours.
>
> ATTY: I was hoping so.  That's all I have, judge.  Thank you.

R. 67.  Claimant's counsel was attempting to pose a hypothetical question to the VE, based upon the opinion of Claimant's treating neurologist, when the ALJ interrupted before the VE could answer the question and stated that the Social Security Administration will accept that Claimant can only work for 4 hours in an 8-hour workday.  R. 67.  Thereafter, the Claimant's counsel promptly stopped his examination of the VE.  R. 67.  Having carefully reviewed the hearing transcript, the Court concludes the ALJ's statement, which indicated that the Claimant would be

receiving a fully favorable decision, clearly induced Claimant's counsel to stop questioning the VE.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "A claimant is also entitled to a full and fair hearing." *Kelley*, 761 F.2d at 1540. "Due process requires the opportunity to be heard at a meaningful time and in a meaningful manner." *Martz v. Comm'r of Soc. Sec.*, -- F. App'x --, 2016 WL 2909201, at *13 (11th Cir. May 19, 2016) (unpublished and omitting internal quotations and citations).[2] Nevertheless, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded . . . for further development of the record." *Graham*, 129 F.3d at 1423. "It is indisputable that the ability to cross-examine witnesses is fundamental to due process." *Marin v. Comm'r of Soc. Sec.*, 535 F. Supp. 2d 1263, 1265 (M.D. Fla. 2008) (finding ALJ's restriction of claimant's cross-examination of VE prevented claimant from meaningful cross-examination).

The ALJ's statement at issue unequivocally induced Claimant to discontinue cross-examining the VE regarding Dr. Unger's opinion. R. 67.[3] Dr. Unger's opinion is a critical piece of evidence because it supports Claimant's disability claim and the ALJ rejected it in the ALJ's decision. R. 28, 470-74. The ALJ's statement effectively precluded Claimant from obtaining meaningful cross-examination testimony from the VE regarding that opinion. R. 67.

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

[3] The statement at issue is not addressed in the ALJ's decision. R. 21-30.

Accordingly, the Court finds that the ALJ's statement at issue prejudiced Claimant's ability to effectively cross-examine the VE and resulted in an unfair hearing.[4]

**IV.   CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on August 12, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies to:

The Honorable Christopher R. Daniels
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Suite 210
2241 Buena Vista Road
Lexington, KY 40505

---

[4] The ALJ's above-stated error is dispositive of this case. *See supra* pp. 3-5. Therefore, it is unnecessary to address Claimant's remaining arguments (*see supra* n.1). *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Social Sec. Admin*., -- F. App'x --, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (unpublished) (no need to analyze other issues when case must be reversed due to other dispositive errors).